**Roger HORTON**

v.

**SUN EXPLORATION AND PRODUC-
TION COMPANY, et al.**

**Civ. A. No. 83-2391.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

April 15, 1985.

Ralph E. Kraft, Lafayette, La., for third-party plaintiff.

John P. Cooper, New Orleans, La., for third-party defendant.

## MEMORANDUM RULING

DUHE, District Judge.

This matter arises out of injuries sustained by plaintiff, Roger Dean Horton, in an accident on December 16, 1982 in the course of his employment aboard a Sun Exploration and Production Company ("Sun") fixed platform on the Outer Continental Shelf of Louisiana. Horton recovered compensation payments from his employer, Pressure Services, Inc. ("PSI") pursuant to the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 et seq., and subsequently brought this action against multiple defendants, including Camco Wireline, Inc. ("Camco"). Camco has since made a third-party claim against PSI.

PSI, citing *Pippen v. Shell Oil Co.*, 661 F.2d 378 (5th Cir.1981), now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) that this Court dismiss Camco's third-party action for failure to state a claim upon which relief may be granted, on the grounds that § 905(a) of the LHWCA provides that employer is liable exclusively to its employees, in the absence of an express or implied contract of indemnity between a third-party claimant and the employer. Camco responds by arguing that the recent decision of the U.S. Supreme Court in *Lockheed Aircraft Corporation v. United States*, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983) effectively overruled *Pippen* by permitting third-party claims against the U.S. (the employer) under § 8116(c) of the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101 et seq., which is modeled on and is analogous to § 905(a) of the LHWCA.

§ 905 of the LHWCA provides, in pertinent part:

(a) The liability of an employer prescribed in § 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, or anyone otherwise entitled to recover damages from such employer at law or in admiralty *on account of such injury or death* ...

(b) In the event of injury to a person covered under this chapter caused by the negligence of the vessel, then such person, or anyone otherwise entitled to re-

cover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of § 933 of this title, and the employer shall not be liable to the vessel for damages directly or indirectly and any agreements or warranties to the contract shall be void. (emphasis added).

In *Pippen,* supra, the Fifth Circuit affirmed the trial court's granting of a motion for summary judgment against a third party that had made indemnification claims against the § 905(a) employer. Nevertheless, *Pippen* stands for a proposition entirely different from that which PSI asserts. The *Pippen* Court declared that:

[S]uits for indemnity that are not "on account of" the employee's injury are not barred by Section 905(a). Thus, for instance, a suit for contract-based indemnity (based either on an express or implied contract) would not be barred by Section 905(a) ... In the event of a suit by a third party against the employer based on a contract of indemnity—express or implied—the recovery against the employer is not on account of the injury—it is on account of the contract of indemnity. Similarly, though we have no such situation before us here, some types of tort claims for indemnity would apparently not be barred by § 905(a). The Court in *Holden v. Placid Oil Co.,* 473 F.Supp. 1097 (E.D.La.1979), for instance, held that "if a claim of indemnity founded in tort is premised on an alleged *duty owed by the indemnitor directly to the indemnitee,* such a claim is not barred by § 905(a). As is the case with claims of indemnity founded in contract, then, where a duty or obligation sounding in tort exists directly between the indemnitor and indemnitee, recovery of indemnity based on this duty or obligation is not 'on account of' the employee's injury, and hence is not proscribed by § 905(a)." Id. at 1100–01 (emphasis in the original). *Since Shell Oil has not presented any evidence of an obligation in tort between it and Superior Electric* [the employer] *that would cause Superior Electric to be liable to Shell Oil for indem-*

*nity, the district court's summary judgment on this ground was proper.* ... In addition, it appears that an action by Shell Oil against Superior Electric based on an express or implied contract of indemnification is also not barred by Section 905(b). That section expressly cuts off indemnity only to a 'vessel' and makes no specific reference to the right of a third-party nonvessel, such as Shell Oil, to bring an indemnity action against the employer. 661 F.2d at 386–87 (emphasis added).

Thus, this Court concludes that *Pippen* stands for the proposition that a § 905(a) employer is subject to non-vessel third-party indemnification claims arising out of contract (implied or express) *or* an obligation in tort *between the employer and third party.* The soundness of this view is made even more apparent by the decision of the Supreme Court in *Lockheed,* supra.

Section 8116(c) of the FECA provides, in pertinent part:

The liability of the United States ... under [the FECA] with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States ... to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States ... because of the injury or death.

In *Lockheed,* the Supreme Court held that § 8116(c) does not bar third-party indemnity actions against the United States (the employer), and reasoned that:

"[T]here is no evidence whatever that Congress was concerned with the rights of unrelated third parties, much less of any purpose to disturb settled doctrines of tort law affecting the mutual rights and liabilities of private parties in indemnity cases. [citations omitted] Section 8116(c) was intended to govern only the rights of employees, their relatives, and people claiming through or on behalf of them. These are the only categories of parties who benefit from the 'quid pro

quo' compromise that FECA adopts. [citation omitted] 103 S.Ct. at 1037.

The Court then examined third-party indemnification claims against employers under the LHWCA, since § 8116(c) of the FECA "was modeled on the analogous" § 905(a) of the LHWCA, *Id*, 103 S.Ct. at 1036, and the underlying rationale "is essentially the same," *Id.* The Court observed that:

> Under the amended LHWCA, an injured longshoreman's employer is no longer liable to a shipowner for tort damages that the shipowner has paid the employee. See 33 U.S.C. § 905(b). Congress thus overruled the result in *Ryan* [*Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) ], supra, and abolished the shipowner's indemnity action. But in so doing, Congress also abolished the injured employee's seaworthiness remedy against the shipowner—a strict-liability action that the Court had recognized in *Seas Shipping Co. v. Sieracki* [328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946) ] [citation omitted]. In other words, Congress abolished the third-party indemnity action only in conjunction with a 'quid pro quo' to benefit the third parties. 103 S.Ct. at 1038.

The 1972 amendments only barred *vessel-owner* indemnification actions against employers. LHWCA employers, then, are exposed to non-vessel third-party indemnification liability arising out of contractual or delictual obligations *between* the indemnitee and employer.

Applying the principles of *Pippen* and *Lockheed* to the facts at bar, it is clear that as a matter of law Camco has stated a claim against PSI for which relief can be granted. Whether Camco will be able at trial to establish the existence of a contractual or delictual obligation between it and PSI which exposes PSI to indemnification liability is, of course, an entirely different question. Nevertheless, Camco, having stated a third-party claim upon which relief can be granted, is entitled to prevail on the instant motion.

Accordingly, PSI's motion to dismiss Camco's third-party claim is hereby denied.