Mary Louise Simboli **CARNEY**

v.

**MARATHON OIL COMPANY.**

**Civ. A. No. 83–2517 "L".**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

July 26, 1985.

of his employment with Normco Contractors ("Normco") while aboard a fixed platform owned by Marathon Oil Company ("Marathon") on the Outer Continental Shelf of Louisiana. Carney's survivors brought this action against Marathon. The Travelers Indemnity Company—the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("LHWCA") insurer of Normco—subsequently intervened to recover from Marathon and McDermott, Inc., the amount it paid in LHWCA benefits. Marathon in turn counterclaimed against Travelers and third-partied Normco.

In January this Court held that the indemnity provisions of the master-service contract between Normco and Marathon were nullified by the Louisiana Oilfield Indemnity Act, R.S. 9:2780, and granted summary judgment to Normco and Travelers against Marathon on that basis. However, Marathon's claim for indemnity for an alleged breach of the implied warranty of workmanlike performance ("WWLP") was expressly preserved in that ruling. Normco and Travelers now move for a reconsideration of that part of the ruling preserving Marathon's claim for breach of WWLP. Marathon in turn responds by requesting reconsideration of that part of the ruling striking down the indemnification clause insofar that it requires Normco to indemnify Marathon for *Normco's* negligence.

John Blackwell, New Iberia, La., for third-party defendant and intervenor.

Joseph L. Lemoine, Jr., Lafayette, La., for third-party plaintiff and counterclaimant.

## MEMORANDUM RULING

DUHE, District Judge.

## FACTUAL BACKGROUND

This matter arises out of the fatal injuries sustained by P.J. Carney in the course

## I. THE MOTION FOR REHEARING

The Normco/Travelers motion regarding the WWLP is well taken. Existing precedent unequivocally supports the proposition that the WWLP does not apply to platform situations. See, e.g., *Hamilton v. Mesa Petroleum*, 495 F.Supp. 718 (E.D.La. 1980); *Law v. Sea Drilling Corporation*, 510 F.2d 242 (5th Cir.1980).

Marathon responds that even if the WWLP isn't applicable to fixed platforms, § 5(a) of the LHWCA does permit certain indemnification claims against employers. In *Horton v. Sun Exploration and Production Company*, 616 F.Supp. 130 (W.D.

La. 1985), this Court held that a § 905(a) employer is subject to non-vessel third party indemnification claims arising out of contract (implied or express) *or* an obligation in tort between the employer and third-party. See also *Pippen v. Shell Oil Company*, 661 F.2d 378, 386–387 (5th Cir.1981). Since, however, Marathon has not presented any evidence of an obligation in tort between it and Normco that would cause Normco to be liable to Marathon for indemnity, the summary judgment against Marathon was proper.

■ Marathon also argues that R.S. 9:2780 does permit a contractual claim for indemnity, when the claim is for indemnity for the *indemnitor's* negligence. R.S. 9:2780 provides, in pertinent part:

A. ... It is the intent of the legislature by this Section to declare null and void and against public policy of the State of Louisiana any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) *on the part of the indemnitee, or any agent of employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee.*

B. Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, *which is caused by or results from the sole or current negligence or fault* (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee (emphasis added).

It is apparent that indemnity provisions are nullified by R.S. 9:2780 only to the extent they purport to require indemnification or defense for the indemnitee's negligence.

This Court's previous ruling will be so modified.

## II. MOTION FOR SUMMARY JUDGMENT

■ McDermott moves for summary judgment against Travelers' third party claim on the grounds that there is no genuine issue of material fact as to McDermott's liability. In its third party complaint Travelers had alleged that McDermott personnel had been negligent in their first aid efforts because they had "failed to treat a bleeding headwound which was the cause of death."

McDermott argues that there is no evidence whatsoever of any bleeding headwound, and that what evidence there is indicates that the cause of death was electrocution. Travelers has not opposed this motion.

McDermott having made a *prima facie* showing that it is entitled to prevail on the motion, summary judgment will be granted in its favor.

To recapitulate, this Court:

(1) amends its ruling of January 24, 1985, by extending the summary judgment against Marathon to include its claims for breach of an implied warranty of workmanlike performance, and all other non-contractual indemnification claims. However, Marathon's claim for contractual indemnity for *Normco's* negligence is reinstated.

(2) grants summary judgment in favor of McDermott and against Travelers.