Mack J. MOORE, Plaintiff–Appellant,

v.

PHILLIPS PETROLEUM COMPANY et al., Defendants,

Odeco Oil & Gas Company, Defendant–Appellee.

No. 90–3065
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1990.

Philip E. Henderson, Henderson, Hanemann & Morris, Houma, La., for plaintiff-appellant.

James H. Daigle, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, GEE and DUHÉ, Circuit Judges.

CLARK, Chief Judge:

The issue in this case is whether a time charterer may be liable to a passenger under section 5(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), when (1) the time charterer has actual or constructive knowledge that its passenger's likely means of debarkation may be hazardous due to a latent dangerous condition at the point of debarkation, (2) the time charterer has no control over the condition in its capacity as a time charterer, and (3) the condition injures the debarking passenger. The district court granted defendant's motion for summary judgment and held that section 5(b) does not impose a duty of care on time charterers in this situation. We agree and affirm.

Appellant Mack J. Moore ("Moore") was a production worker employed by ODECO Oil and Gas Company ("ODECO"). ODECO and Phillips Petroleum Company owned an unmanned fixed platform, Well Jacket # 33, located on the Outer Continental Shelf off the coast of Louisiana. ODECO entered into a time-charter agreement for a vessel, the M/V C–DICTATOR, with the vessel owner, Co–Mar Offshore Marine Corporation ("Co–Mar"). ODECO was therefore both Moore's employer and the time charterer. ODECO directed the M/V C–DICTATOR to transport Moore to Well Jacket # 33 so that Moore could check safety systems on the platform. In order to get from the vessel to the platform, Moore

swung from a rope attached to a beam extending out from the top deck of the platform. Such rope swing transfer is the means ordinarily used to board the platform from a vessel. When Moore used the rope to transfer from the vessel to the platform, the rope broke, and Moore fell onto the platform and sustained a serious shoulder injury.

ODECO paid Moore workers' compensation under LHWCA. Moore sued ODECO under section 5(b) of the LHWCA and alleged that ODECO knew that the swing rope was rotten. Although ODECO was his employer, Moore claims that ODECO owed him a duty of care under section 5(b) as time charterer of the M/V C–DICTA-TOR and that ODECO breached its duty by directing the vessel to transport Moore to a platform with a rope swing that ODECO knew was dangerous.

■ Because Well Jacket # 33 lies on the Outer Continental Shelf, the LHWCA applies to appellant's claim through the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.* Section 5(b) of the LHWCA provides: "In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party...." 33 U.S.C. § 905(b). This Circuit has held that an injured worker has standing to bring a section 5(b) action against a time charterer who is also the worker's employer. *Kerr–McGee Corp. v. Maju Marine Services, Inc.,* 830 F.2d 1332, 1338 (5th Cir.1987).

Standing, of course, is only the initial issue. In order to survive summary judgment, appellant must demonstrate that ODECO, as time charterer, owed him a duty of care under section 5(b). As we have previously noted, "a time-charterer cannot be liable under section 5(b) unless it is negligent, and it is a fundamental precept of tort law that there can be no negligence unless there is first a duty." *Id.* at 1340.

■ When the defendant is both the time charterer and the employer, section 5(b) only subjects the defendant to negligence liability in its capacity as a time charterer. *See id.* at 1339. The fact that the defendant is also the plaintiff's employer means that the defendant owes the plaintiff duties both as an employer and as a time charterer. The two duties are separately owed and do not affect each other. Thus, any duty that the defendant owes to the plaintiff as a time charterer and thus as a vessel under § 905(b) must arise out of the relationship between a time charterer and its passenger. *See id.* The relevant inquiry in this case concerns the scope of ODECO's separate duties as the platform owner-employer and as time charterer.

■ The LHWCA provides that an employer, whether negligent or without fault, has a duty to pay workers' compensation to a covered employee. *See* 33 U.S.C. § 903. When the LHWCA applies, workers' compensation is an employee's exclusive remedy against the employer in its capacity as an employer. *See* 33 U.S.C. § 905(a). Thus, regardless of ODECO's negligence as platform owner and operator, Moore's exclusive remedy against ODECO as platform owner-employer is workers' compensation under the LHWCA. Moore concedes this much, but he argues that ODECO, as time charterer, breached duties owed to him as a passenger on the time-chartered vessel.

As to a time charterer's duties, the law of this Circuit is clear that "a time-charterer is not liable under section 5(b) unless the cause of the harm is within the charterer's traditional sphere of control and responsibility or has been transferred thereto by the clear language of the charter agreement." *Kerr–McGee,* 830 F.2d at 1343. The parties in this case have not demonstrated that their agreement altered the time charterer's traditional duties. We therefore examine ODECO's traditional time-charterer duties.

■ Under the traditional time-charter agreement, the time charterer directs the vessel's commercial activities. It may designate the cargo to be carried and determine the vessel's routes and destinations. *See* G. Gilmore & C. Black, *The Law of Admiralty* § 4–1 at 194 (2d ed. 1975). We

have therefore indicated that a time charterer might be liable for choosing an unsafe combination of cargo in the same hold. *See Kerr–McGee*, 830 F.2d at 1341. A time charterer may also be liable for directing the vessel to encounter natural conditions like hurricanes or treacherous seas. *See, e.g., Graham v. Milky Way Barge, Inc.*, 824 F.2d 376, 388 (5th Cir.1987) (upholding finding that, under the circumstances, time charterer was liable for death and injury resulting from capsizing because time charterer sent vessel into unsheltered water and failed to broadcast weather information); *Helaire v. Mobil Oil Co.*, 709 F.2d 1031, 1041–42 (5th Cir.1983) (holding time charterer liable for injury resulting from decision to continue unloading operations in treacherous weather conditions); *Offshore Logistics Services, Inc. v. Mutual Marine Office, Inc.*, 462 F.Supp. 485, 490 (E.D.La. 1978) (holding time charterer liable for injury to passenger during navigation in rough seas when time charterer decided to encounter the weather).

■ The time charterer's duties are different from the vessel owner's duties. The vessel owner remains responsible for the seaworthiness of the vessel, *e.g., Nichimen Co. v. M.V. FARLAND*, 462 F.2d 319, 331 (2d Cir.1972), dangerous conditions on board, *e.g., Migut v. Hyman–Michaels Co.*, 571 F.2d 352, 356 (6th Cir.1978), navigational errors by the pilot and negligence by the crew, *e.g., Delta Transload, Inc. v. MV Navios Commander*, 818 F.2d 445, 451 (5th Cir.1987), and a reasonably safe means of access for those boarding or leaving the vessel, *see, e.g., Tittle v. Aldacosta*, 544 F.2d 752, 755 (5th Cir.1977) (finding that owner of charter fishing boat owed passenger a duty to prevent boat's transom from becoming excessively slippery); *Arthur v. Flota Mercante Gran Centro Americana, S.A.*, 487 F.2d 561, 562–63 (5th Cir.1973) (finding that vessel owner breached its duty to provide a National Cargo Bureau inspector with a safe means of access to the ship).

■ The foregoing discussion demonstrates that the traditional allocation of duties between employer/platform owner, time charterer, and vessel owner places liability for harm on the party that is most directly responsible for the dangerous condition that caused the harm. Appellant argues that ODECO as time charterer was responsible for the hazardous egress from the vessel to the platform because ODECO sent the boat to the fixed platform where the rope was located. We disagree. The facts in this case indicate that either ODECO as platform owner-employer, Co–Mar as vessel owner, or both were responsible for Moore's egress from the vessel to the fixed platform. As the platform owner, ODECO as employer controlled the rope's physical condition and knew or could be charged with knowledge that the rope was not safe for the purpose intended. As the vessel owner, Co–Mar was responsible for access to and from its boat. The rope swing is an artificial means of ingress and egress to and from the fixed platform. The responsibility for the hazards it presents falls either on the platform owner-employer or on the vessel owner or both but, in any event, outside of the traditional duties of a time charterer.

We have never held that a time charterer owes a passenger a duty to take precautions to avoid potentially hazardous means of ingress and egress when the vessel owner, the passenger's employer, or another party controlled the means of ingress and egress. We decline to expand traditional maritime duties under section 5(b) of the LHWCA. As we recently explained in *Kerr–McGee*:

> [The] duties and responsibilities of the time-charterer are not enhanced under section 5(b) because the plaintiff is an employee of the defendant injured in the scope of her employment.... Nor are such duties and responsibilities of the time-charterer, and its consequent potential negligence, otherwise any greater in the context of a section 5(b) suit than in other contexts, for as we have noted section 5(b) did not *expand* negligence liability.

*Kerr–McGee*, 830 F.2d at 1339 (citation omitted) (emphasis in original).

ODECO is not liable to Moore under section 5(b) of the LHWCA.

AFFIRMED.