599 So.2d 878 (1992)
J.W. McLAIN, et al., Plaintiffs-Appellees,
v.
CADDO PARISH SCHOOL BOARD, et al., Defendants-Appellants.
No. 23,496-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
Rehearing Denied June 18, 1992.
Bodenheimer, Jones, Klotz & Simmons, by Norman Lafargue, Shreveport, for defendants-appellants.
Roland V. McKneely, Jr., Bossier City, Rountree, Cox & Guin, Shreveport, for plaintiffs-appellees.
Before MARVIN, LINDSAY and VICTORY, JJ.
Before MARVIN, LINDSAY, HIGHTOWER, VICTORY and BROWN, JJ.
VICTORY, Judge.
This appeal presents the issue of whether a portion of plaintiffs' attorney fees may be assessed against an insurer, who after making medical payments to the plaintiffs, intervenes in their tort action against the tort-feasor to recoup the payments made. The trial judge assessed a portion of the plaintiffs' attorney fees to the insurer. We reverse.

FACTS
On April 11, 1988, J.W. McLain and his mother, Bernice Harper McLain, were injured when the car in which they were traveling was struck by a Caddo Parish school bus. Casualty Reciprocal Exchange (Casualty), the insurer of Mr. McLain's automobile, provided coverage for medical expenses and paid medicals of $1,227.22 for Mr. McLain and $177.26 for Ms. McLain.
The McLains sued the Caddo Parish School Board and the bus driver for damages. *879 Casualty intervened in the lawsuit seeking recovery for the medical expenses paid. The McLains and their attorney later filed a petition of intervention seeking recovery of costs, expenses, and attorney fees expended which allegedly inured to the benefit of Casualty.
The trial judge awarded the McLains total damages of $16,550.00, including $257.26 in medical specials to Ms. McLain and $1,792.74 in medical specials to Mr. McLain. Casualty was reimbursed $1,404.48 out of the McLains' award, but was ordered to pay the McLains $1,000.00 in attorney fees as its share of the cost of litigation.
Casualty moved for a new trial on the issue of attorney fees. Although the motion was denied, the judge reduced the attorney fee award from $1,000.00 to $969.22, and allowed Casualty a credit of $171.00 for costs of litigation it had previously paid. Only Casualty appeals, claiming the trial court erred in ordering it to pay any part of the McLains' attorney fees.

DISCUSSION
In Moody v. Arabie, 498 So.2d 1081 (La. 1986), the Louisiana Supreme Court stated that when an employer pays worker's compensation to its employee who has been injured by the wrongful act of a third person, under LSA-R.S. 23:1101, et seq., the employer and the worker become co-owners of a property right consisting of a right to recover damages from the third person. Since a co-owner may force another co-owner to contribute to the costs of maintenance and conservation of the common thing in proportion to his interest, the necessary and reasonable costs of recovery against the third party, including attorney fees, are to be apportioned between the worker and the employer, according to their interests in recovery.
It is clear that the lynchpin of Moody v. Arabie is co-ownership of a single property right. Therefore, we must examine whether or not Casualty and the McLains, as subrogee and subrogor, are co-owners of a single property right to recover medical expenses from the tort-feasor.
Subrogation is the substitution of one person to the rights of another, and may be conventional or legal. LSA-C.C. Art. 1825. In this case, subrogation of Casualty to the rights of the McLains was conventional under the insurance policy and is controlled by the language in the policy which reads as follows:
A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right.
* * * * * *
B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
1. Hold in trust for us the proceeds of the recovery, and
2. Reimburse us to the extent of our payment.
From the above language, it is clear that Casualty and the McLains are not co-owners of the same property right to recover medical expenses from the tort-feasor. Casualty is the sole owner of the right to recover from the tort-feasor medical payments made to the McLains by Casualty. The McLains retain their rights to recover from the tort-feasor all other damages, including medical expenses not paid by Casualty.
Our conclusion is bolstered by language used by the Louisiana Supreme Court in Southern Farm Bureau Casualty Insurance Company v. Sonnier, 406 So.2d 178 (La.1981), a case involving partial subrogation of medical payments. In Sonnier, the supreme court stated that the subrogor and the subrogee, in a partial subrogation, each enjoys "an independent substantive right which may be exercised against the debtor." Thus, they are not co-owners of the same property right.
Efforts to extend the rationale of Moody v. Arabie, to cases beyond recovery from a third party tort-feasor by the employee or employer in a worker's compensation setting have been unsuccessful. In Charity Hospital of Louisiana v. Band, 593 So.2d *880 1392 (La.App. 4th Cir.1992), the injured party, McCrimmons, had incurred medical expenses at Charity Hospital. He later filed suit against the tort-feasor, and Charity Hospital properly notified McCrimmons' attorney, Band, of the outstanding debt and privilege. Thereafter, McCrimmons settled his lawsuit with the tort-feasor for $40,000, but did not pay the outstanding medical bills owed to Charity. Charity then filed suit against Band under LSA-R.S. 9:4754 due to Band's failure to satisfy Charity's claim out of the settlement proceeds. Band responded that Charity should be required to pay a contingency attorney fee of 40% of the outstanding bill, relying on Moody v. Arabie. This argument was rejected by the Fourth Circuit on the grounds that Charity and McCrimmons were not co-owners of the same right, but were rather in a debtor-creditor relationship. See also Moore v. State, Louisiana State University Medical Center at Shreveport, 596 So.2d 293 (La.App. 3d Cir. 1992).
Since Casualty and the McLains were not co-owners of the same property right, the trial judge committed error by ordering Casualty to pay a portion of the McLains' attorney fees.

DECREE
For these reasons, that part of the trial court's judgment in favor of the McLains and their attorney against Casualty Reciprocal Exchange in the amount of $969.22, less a credit of $171.00, plus legal interest thereon, is reversed. All costs of the appeal are assessed to appellees.
REVERSED.

APPLICATION FOR REHEARING
Rehearing denied.