**James D. and Wanda SMITH, Plaintiffs,**

**Jacksonville Shipyards, Inc., Fourth Party Plaintiff–Third Party Defendant–Appellee,**

v.

**UNITED STATES of America, Defendant/Third Party Plaintiff,**

**Consolidated Industrial Skills Corp., Fourth Party Defendant–Appellant.**

No. 91–4176.

United States Court of Appeals, Eleventh Circuit.

Jan. 7, 1993.

pursuant to 28 U.S.C. § 46(c).

S. Gordon Blalock, Jacksonville, Fla., for appellant.

Courtney Wilder Stanton, Jacksonville, Fla., for appellee.

Before KRAVITCH, Circuit Judge, GODBOLD and OAKES *, Senior Circuit Judges.

* Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designa-

GODBOLD, Senior Circuit Judge:

The issue in this case is whether provisions of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950 (1988), insulate the employer of a harbor worker from its obligation assumed pursuant to contract to indemnify a shipyard on account of a claim for injury sustained by the worker. This issue has been settled in other circuits but not in this circuit. We agree with the district court and the uniform body of other decisions and hold that the employer, Consolidated Industrial Skills Corporation (CISCO), is not insulated from its contractual obligation to indemnify a non-vessel, Jacksonville Shipyards, Inc. (JSI).

James D. Smith was a shipfitter supplied to JSI by CISCO, which was in the business of supplying skilled workers to shipyards, including JSI. CISCO assigned Smith to work on a naval vessel pursuant to a contract between JSI and the United States. JSI agreed to indemnify the United States up to $300,000 against claims arising from its fault, negligence, wrongful acts or wrongful omissions.

Smith was injured by a fall down the ship's ladder. CISCO was covered by workmen's compensation insurance under the LHWCA. The compensation carrier paid Smith some $287,000. Smith and his wife (hereinafter "Smith") filed suit against the United States claiming damages for negligence. The United States joined JSI as a third-party defendant, and JSI, claiming indemnity, joined CISCO as fourth-party defendant.

The district court found that CISCO agreed to indemnify JSI, and this conclusion is not questioned on appeal.

Before trial Smith agreed to settle with the United States and JSI for $55,000 each. CISCO declined to accept responsibility for the amount to be paid by JSI, which paid Smith and then claimed indemnity from CISCO. The district court found that CIS-

tion.

CO was liable to JSI for the $55,000 plus JSI's attorneys' fees and expenses.

On appeal CISCO asserts that its liability for personal injury sustained by Smith is limited to the compensation provided for and paid pursuant to 33 U.S.C. §§ 901–950. It argues that its liability under § 905(a) is the exclusive remedy against it and that its contract of indemnity with JSI is void under § 905(b). It is obvious that JSI is not a "vessel" within the meaning of § 905(b), and CISCO does not contend otherwise.

 In *Pippen v. Shell Oil Co.*, 661 F.2d 378 (5th Cir. Unit A, Nov. 1981), the court held that a suit by a third party against the employer based on a contract of indemnity would not be an action "on account of" the injury, *see* § 905(a), but on account of the contract of indemnity. Also the court held that § 905(b) prohibited indemnity actions by vessels only and that this prohibition would not be extended to non-vessels. This decision is not binding upon us but is persuasive [1], and we agree with it. Other cases are to the same effect with respect to § 905(a) and § 905(b): *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1274–75 (5th Cir. 1986); *Tran v. Manitowoc Engg. Co.*, 767 F.2d 223, 229 (5th Cir.1985); *Zapico v. Bucyrus–Erie Co.*, 579 F.2d 714, 721 (2d Cir. 1978); *Inland Oil & Transp. Co. v. City of Mount Vernon*, 624 F.Supp. 122, 124–26 (S.D.Ind.1985); *Horton v. Sun Exploration and Prod. Co.*, 616 F.Supp. 130, 131–32 (W.D.La.1985); *Gaudet v. J. Ray McDermott & Co.*, 568 F.Supp. 795, 797–99 (E.D.La.1983).

*Moore v. Phillips Petroleum Co.*, 912 F.2d 789 (5th Cir.1990), cited by CISCO, is not a contractual indemnity case. *Drake v. Raymark Industries, Inc.*, 772 F.2d 1007 (1st Cir.1985), recognizes *Pippen* and *Zapico* as holding that where indemnity is sought on the basis of an express or implied contract the action proceeds not "on account of injury" but because of the contract. The First Circuit did not follow these decisions because the suit at issue was only for contribution and noncontractual indemnity.

AFFIRMED.

1. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982).