BYRNES, Judge.
In 1985 the firm of Hilleren, Bain filed claims on behalf of James Darby and Fred Carter in the United States District Court for the Eastern District of Louisiana for injuries sustained in an explosion at a Shell Oil refinery on April 19, 1985. These claims along with others were consolidated for trial. After suit was filed, the firm of Hilleren, Bain referred Darby and Carter’s claims to A. Remy Fransen, Jr. of the firm of Wiedemann & Fransen.
Darby and Carter were employed by Brown & Root, Inc. at the time they were injured. Highlands Insurance Company intervened in the suits as Brown & Root’s compensation carrier for reimbursement of *106 worker's compensation benefits paid to Carter and Darby.
On September 2, 1986, Darby and Carter settled their claims after discovery but pri- or to trial. Each received $300,000. Highlands compromised its claim and received $17,372.86 for compensation paid to Carter and $23,675.81 for compensation paid to Darby. Wiedemann & Fransen received $111,6333.09 in fees from Carter and $90,-289.26 from Darby for a total of $201,-922.35.
Over two years later Wiedemann and Fransen filed the two consolidated claims now before this court for $18,109.92 in legal fees from Highlands. This claim is not based on contract. Rather it is based on the reimbursement that Highlands received as a result of the settlement for which Mr. Fransen claims credit.
The trial court ruled that Darby and Carter, not Wiedemann & Fransen, were the proper plaintiffs to demand reimbursement for attorney's fees from the compensation carrier, and that Wiedemann & Fransen’s fee of $201,922.35 was adequate compensation for its services. Wiedemann & Fran-sen appeals that judgment. We affirm.

I.The law firm, of Wiedemann & Fran-sen is not the proper party to bring an action for attorney’s fees from an intervenor.

Wiedemann & Fransen’s claim for attorney’s fees relies almost entirely on Moody v. Arabie, 498 So.2d 1081 (La.1986). Moody held that employees and the employer’s compensation carrier are co-owners of a litigious right to recover damages from a third party. As such each is obligated to bear the expenses of that recovery. The co-owner relationship exists only between employees and the worker’s compensation carrier/intervenor. It does not exist between employees’ counsel and inter-venor. We agree with McLain v. Caddo Parish School Bd., 599 So.2d 878 (La.App. 2 Cir.1992), writ denied, 605 So.2d 1123 (La.1992) where the court took the position that efforts to expand the scope of Moody v. Arabie, should be resisted:
It is clear that the lynchpin of Moody v. Arabie, is co-ownership of a single property right.
He * * * * *
Efforts to extend the rationale of Moody v. Arabie, to cases beyond recovery from a third party tort-feasor by the employee or employer in a worker’s compensation setting have been unsuccessful.
* *****
Since Casualty [the insurer] and the McLains [plaintiffs] were not co-owners of the same property right, the trial judge committed error by ordering Casualty to pay a portion of the McLains’ attorney’s fees. McLain, 599 So.2d at 879, 880.

II. Wiedemann & Fransen has already received reasonable attorney’s fees.

The trial court found that the fee received by Wiedemann & Fransen was reasonable and adequate. We have reviewed the record in its entirety. The finding of the trial court was not manifestly erroneous. Therefore, we are bound by it on appeal. Rosell v. ESCO, 549 So.2d 840 (La.1989).

III. Highlands has not been unjustly enriched.

Wiedemann & Fransen citing Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), argues that if it is not the proper plaintiff at law, then in the absence of a legal remedy it would be entitled to rely on the actio de in rem verso, or unjust enrichment.
Mingará set forth the five civil law requirements for such an action:
... there are now five prerequisites to the successful suit by actio de in rem verso: 1) there must be an enrichment, 2) there must be an impoverishment, 3) there must be a connection between the enrichment and resulting impoverishment, 4) there must be an absence of “justification” or “cause” for the enrichment and the impoverishment, and finally 5) the action will only be allowed when there is no other remedy at law, *107 i.e., the action is subsidiary or corrective in nature_ 205 So.2d at 432 (emphasis added).
The absence of even one of these five requirements is fatal to Wiedemann & Fransen’s claim. Two are lacking:
1. Wiedemann & Fransen have already received reasonable attorney’s fees for this case. They cannot claim that they are in any way “impoverished” because they did not receive more.
2. There is “justification” or “cause” for Highlands’ “enrichment”.
If there is a rule of law justifying the enrichment, the actio de in rem verso is denied because it is a strictly subsidiary remedy which is inapplicable if the legal relation is determined by enacted law. Actio de in rem verso In Louisiana: Minyard v. Curtis Products, Inc., 43 Tulane L.Rev. 263 (1969).
The statutory “justification” or “cause” for Highlands’ recovery is fully described in Moody v. Arabie:
An employer who is obliged to pay compensation to the worker in such a case may sue the third person for reimbursement of the compensation obligation. La.R.S. 23:1102(B). When either the worker or the employer sues the third person he must notify the other of the pending suit, and the other may intervene as party plaintiff. La.R.S. 23:1102(A). In the event a suit is filed by either the worker or the employer, and damages are recovered, damages shall be apportioned so that the employer’s claim for compensation paid shall take precedence over that of the worker.... La.R.S. 23:1103; Moody, 498 So.2d at 1084, 1085 (emphasis added).
From the above it is obvious that Highlands has a particularly strong legal “justification” for recovery because its claim is not only recognized by statute, it is specifically accorded precedence over the claim of the worker.
We need not make a final measure of Highlands’ enrichment as we have already agreed with the trial court’s finding that Wiedemann & Fransen has been adequately compensated (no impoverishment) and that there was a statutory “justification” or “cause” for any enrichment received by Highlands.
In view of appellant’s claim to expertise in this field he can hardly argue that when he negotiated his fee arrangement, he was unaware that his clients’ recovery could potentially be reduced by an intervention by the compensation carrier, and that his fee would be proportionately reduced. Appellant cannot be heard to complain that he did not get all that he bargained for.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.