liBOWES, Judge.
Plaintiff, Stanley Seymour, was an employee of Weber Marine when he sustained an ankle injury during the course and scope of his employment on December 17, 1988. CIGNA Insurance Company of North America (hereinafter “CIGNA”) the Longshore and Harbor Workers insurance compensation carrier for Weber, paid to, and on behalf of, Mr. Seymour medical benefits in the amount of $23,898.73 and compensation benefits of $27,679.93 under the Longshore and Harbor Workers’ Compensation Act, 33 U.S.CA. § 901 et seq. (LHWCA). Plaintiff filed suit against CIGNA 12and Weber Marine alleging that he was a seaman, and not a harbor worker. After a trial by jury, judgment was rendered declaring Mr. Seymour to be a seaman and awarding damages totalling $240,000.00 for past and future lost wages, future and general damages. The judgment also awarded CIGNA reimbursement of the $23,898.73 in medical damages and this judgment was affirmed on appeal. Seymour v. CIGNA Ins. Co., 622 So.2d 839 (La.App. 5 Cir.1993). The issue of whether CIGNA was entitled to reimbursement of compensation benefits was pretermitted.
A hearing on the issue of whether CIGNA is entitled to reimbursement for compensation benefits paid was held on November 5, 1993. On July 8, 1994, judgment was rendered holding that CIGNA is entitled to be subrogated for the compensation benefits paid. The judge further held that CIGNA is liable for its share of the recovery costs (attorney fees and litigation costs) pursuant to the formula set forth in Moody v. Arabie, 498 So.2d 1081 (La.1986). Both Mr. Seymour and CIGNA have appealed this judgment.
Mr. Seymour alleges that the trial judge erred in finding that CIGNA was entitled to be subrogated for the benefits paid. CIGNA alleges that the trial court erred in finding that it is responsible for a proportionate share of plaintiff’s attorneys fees. For the following reasons, we affirm in part, and *651 reverse in part, the judgment of the trial court.
13 ANALYSIS
1. ISSUES RAISED BY

PLAINTIFF/APPELLANT, STANLEY SEYMOUR

Mr. Seymour first argues that the judgment awarding him $240,000.00, subsequently affirmed by this Court, is silent on the issue of the applicability of any recovery rights of CIGNA and is now final and, therefore, plaintiff is now entitled to recover the full amount of $240,000.00, plus interests and costs, and free and clear of any alleged claim of CIGNA.
In Cortez v. Total Transp., Inc., 577 So.2d 292, 296-7 (La.App. 5 Cir.1991), this Court discussed the nature of a claim for benefits paid under the LHWCA to an employee who is later deemed to be a seaman and within the purview of the Jones Act:
... it is because the intervention [to recover benefits paid under LHWCA where the injured party is later found to be a seaman] is not a claim against the insured, but is a lien on the worker’s net recovery which comes directly out of the employee’s proceeds. Masinter v. Tenneco Oil Co., 867 F.2d 892 (5 Cir.1989). [Emphasis supplied].
A lien for reimbursement is a property right against the employee’s award and may be classified as reimbursement, credit or offset. See: McFarland v. Justiss Oil Co., Inc., supra, [526 So.2d 1206 (La.App. 3 Cir.1988) ] and Smith v. Service Contracting, Inc., supra [236 F.Supp. 492 (E.D.La.1964) ]. But, in any event, it is an interest or property right in the judgment. In fact, when the employer or its insurer is entitled to reimbursement, a formal request for intervention is not required. Miller v. Rowan Companies, Inc., 815 F.2d 1021 (5 Cir.1987). The insured or employer may wait until judgment is rendered Rbefore asserting a claim to some portion of the proceeds. [Footnotes omitted, emphasis supplied].
Because a lien or claim need not be asserted until after a judgment is rendered, it is not necessary for the judgment to allude to the lien in order for the party alleging entitlement to recover. He may assert his claim against the judgment. We therefore hold that the fact that the judgment does not reserve to CIGNA the right to recoup compensation benefits paid does not prevent CIGNA from recovering those benefits.
Plaintiff next argues that the final judgment awarding him damages does not provide recovery for “maintenance” and, therefore, CIGNA has no right to recover payments made under the LHWCA which he classifies as and contends are “maintenance” benefits.
The record reflects that CIGNA paid benefits to Mr. Seymour under the Longshore and Harbor Workers’ Compensation Act. This act provides “compensation for the death or disability of any person engaged in ‘maritime employment,’ § 902(3), if the disability or death results from an injury occurring upon the navigable waters of the United States or any adjoining pier or other area customarily used by an employer in loading, unloading, repairing, or building a vessel, § 903(a).” (footnote omitted). Herb’s Welding, Inc. v. Gray, 470 U.S. 414, 105 S.Ct. 1421, 84 L.Ed.2d 406 (1985). The LHWCA provides that an employer, whether negligent or without fault, has a duty to pay workers’ compensation to a covered employee. Moore v. Phillips Petroleum Co., 912 F.2d 789 (C.A. 5 Cir.1990). By contrast, “maintenance” is the equivalent of food and lodging which a seaman is entitled to be paid while at sea. It is neither a substitute for wages nor is it to be considered in lieu of wages, in whole or in part. Jenkins v. Kerr-McGee Corp., 613 So.2d 1097 (La.App. 3 Cir. 1993). Accordingly, we hold that the amounts paid to Mr. Seymour by CIGNA were longshoreman and harbor worker compensation benefits and were not “maintenance” benefits, as characterized and contended by the plaintiff.
Plaintiff alleges that, because he “contended” that he was a seaman at the time these payments were made, these payments were maintenance payments rather than worker *652 compensation benefits. However, his status as a seaman was contested and was in dispute at the time the payments were made. Plaintiff does not cite us to any authority which holds that the subsequent adjudication of an employee, paid benefits under the LHWCA, as a seaman converts these payments from compensation benefits to maintenance benefits and we have found none. Accordingly, we hold that the fact that the damage award in plaintiff’s suit did not provide for maintenance does not prevent CIG-NA from recovering compensation benefits paid under the LHWCA.
2. ISSUES RAISED BY CIGNA AND BY PLAINTIFF/MR. SEYMOUR
CIGNA contends that the trial court erred in applying Moody v. Arabie, supra, to find that it was liable for a portion of the attorneys fees |fiand litigation expenses incurred by plaintiff in his recovery of the damages. Mr. Seymour argues that, although the trial judge was correct in applying Moody, supra, but she erred in the formula applied.
In Moody v. Arabie, supra, the Louisiana Supreme Court held that when an injured worker sues a third party in tort and that worker’s employer or his worker’s compensation carrier intervenes for recoupment of worker’s compensation paid to the worker, the employer or carrier is obligated to pay a portion of the attorneys’fees of the worker if the worker succeeds in recovering funds from which the employer or carrier realizes recoupment. In Williams v. General Motors Corp., 639 So.2d 275 (La.App. 4 Cir.1994), the court made the following observation on Moody v. Arabie:
The Supreme Court based this holding on its conclusion that under the Louisiana Worker’s Compensation Act, La.R.S. 23:1021 et seq., the employer or compensation carrier is a co-owner with the injured worker ‘of a property right consisting of a right to recover damages from the third person.’ It is only this right of co-ownership which entitles the injured worker to recover attorney’s fees from the employer/compensation carrier if the attorney for the worker is determined to have been responsible for securing the award from which the employer/compensation carrier recoups compensation payments.
[Emphasis supplied].
In this case, the judgment obtained by Mr. Seymour was against his employer and not against a third party tortfeasor. Thus, it is clear as stated |7by the trial judge in her reasons for judgment, that CIGNA’s right of recovery is based on subrogation, and not co-ownership. We therefore hold that Moody is inapplicable to this case and the trial court erred in finding that CIGNA was obligated to pay a portion of the attorney fees and litigation expenses incurred by Mr. Seymour.
We note that this ruling is consistent with other courts within this state which have likewise resisted the expansion of Moody. In Williams v. General Motors, supra, the court observed:
Plaintiff in his brief acknowledges that Murphy’s right of recovery is based on subrogation, not co-ownership. The recent effort of this Court to resist the expansion of Moody as expressed in Wiedemann & Fransen v. Highlands Ins., 617 So.2d 105 (La.App. 4 Cir.1993), writ denied 619 So.2d 552 (La.1993), is equally applicable to this case:
We agree with McLain v. Caddo Parish School Bd., 599 So.2d 878 (La.App. 2 Cir. 1992), writ denied, 605 So.2d 1123 (La.1992) where the court took the position that efforts to expand the scope of Moody v. Arabie, should be resisted.
It is clear that the lynchpin of Moody v. Arabie is co-ownership of a single property right.
Efforts to extend the rationale of Moody v. Arabie, to cases beyond recovery from a third party tort feasor by the employee or employer in a worker’s compensation setting have been resisted.’ Id., 617 So.2d at 106.
|gSee also Charity Hospital of Louisiana v. Band, 593 So.2d 1392 (La.App. 4 Cir.1992); Moore v. State, Louisiana State University Medical Center at Shreveport, 596 So.2d 293 (La.App. 3 Cir.1992).

*653
DECREE

For the foregoing reasons the judgment of the trial court finding that CIGNA is subro-gated to the compensation benefits paid to Mr. Seymour under the Longshore and Harbor Workers’ Compensation Act and, therefore, entitled to reimbursement is hereby affirmed.
The judgment of the trial court finding that CIGNA is responsible for a proportionate share of Mr. Seymour’s recovery costs including attorney fees under Moody v. Arabie, 498 So.2d 1081 (La.1986) is reversed.
All costs of this appeal are assessed against appellant, Mr. Seymour.
AFFIRMED IN PART; REVERSED IN PART.