556 So.2d 931 (1990)
Jay R. DENTON, Plaintiff-Appellee,
v.
Donald R. CORMIER, et al Transportation Insurance Company-Intervenor, Defendant and Intervenor-Appellant.
No. 88-1078.
Court of Appeals of Louisiana, Third Circuit.
February 7, 1990.
*932 Nick Pizzolatto, Jr., Lake Charles, for plaintiff/appellee.
Raggio, Cappel, Chozen & Berniard, Frederick Cappel, Plauche, Smith & Nieset, P.C., A.R. Johnson IV, Lake Charles, for defendant/appellant.
Before DOMENGEAUX, C.J., and FORET and LABORDE, JJ.
LABORDE, Judge.
This is an appeal brought by intervenor, Transportation Insurance Company (Transportation), from a judgment ordering it to pay plaintiff, Jay R. Denton, a portion of the litigation expenses and attorney's fees incurred as a result of the present action. We find that the trial judge erred in not following the formula set out by the Louisiana Supreme Court in Moody v. Arabie, 498 So.2d 1081 (La.1986)[1] in his calculation of the intervenor's proportionate share of the litigation expenses and attorney's fees. Utilizing the Moody formula, we amend the trial court's judgment to increase the amount of plaintiff's reimbursement from intervenor, and affirm as amended.

*933 FACTS
The central facts of this case are not in dispute. On November 12, 1985, Jay R. Denton was injured in an automobile accident while in the course and scope of his employment with W.R. Grace/Kinco. Shortly thereafter, on December 18, 1985, he filed a petition for damages, naming as defendants, Donald R. Cormier, H & H Concrete, Inc., and Aetna Casualty & Surety Company. A petition of intervention was filed on March 11, 1986, by Transportation, the worker's compensation carrier of the plaintiff's employer. The petition of intervention sought reimbursement for all compensation benefits and medical expenses it had paid to the plaintiff. Intervenor also sought a credit for any future compensation benefits or medical expenses that may be due the plaintiff.
After a trial on the merits, the trial court awarded the plaintiff $721,500.00. The trial court's judgment also provided that intervenor was entitled to recover $35,052.00 in compensation benefits and $30,919.31 in medical expenses that it had already paid the plaintiff, plus a credit of $358,000.00 and $75,000.00 for future compensation benefits and future medical expenses respectively.
Subsequent to the trial of this matter, plaintiff made demand upon intervenor for payment of litigation costs and attorney's fees pursuant to the Louisiana Supreme Court's decision in Moody v. Arabie, 498 So.2d 1081 (La.1986). Intervenor conceded that it should pay its proportionate share of the litigation expenses, but opposed the plaintiff's claim for attorney's fees. As a result of intervenor's refusal to pay the attorney's fees, plaintiff filed a rule to show cause why further judgment should not be rendered against intervenor for its proportionate share of the litigation expenses and attorney's fees.
A hearing on the rule to show cause was held on July 27, 1988, wherein the trial judge rendered judgment in favor of the plaintiff. Judgment on the Rule was signed on August 4, 1988, ordering intervenor to pay plaintiff $813.47 in litigation expenses and 1/3 of $65,971.31 (the amount intervenor had been awarded for past paid compensation benefits and medical expenses) in attorney's fees. Intervenor now appeals from that judgment, raising two specifications of error.

SPECIFICATION OF ERROR NO. 1
In its first specification of error intervenor contends that the trial court erred in allowing the introduction of evidence of litigation expenses and attorney's fees at the hearing on the rule to show cause. Intervenor points out that the plaintiff failed to file any pleadings prior to the judgment on the merits which stated a cause of action against intervenor for either litigation expenses or attorney's fees. In the absence of any such pleadings, the intervenor argues, the introduction of evidence regarding the litigation expenses or attorney's fees amounted to an improper expansion of the pleadings. Intervenor notes that it objected to the introduction of this evidence at the hearing, which objection was overruled, and cites the case Bosworth v. New Orleans Federal Savings & Loan Association, 258 So.2d 191 (La.App. 4th Cir.1972) for the proposition that proof intended to broaden or go beyond the pleadings is inadmissible if objected to timely.
Central to intervenor's first specification of error is the novel issue of whether the recovery of litigation expenses and attorney's fees against an employer or his worker's compensation carrier authorized by the Supreme Court's decision in Moody must be specifically prayed for by the pleadings. However, before we address this issue, we find it necessary to discuss what exactly the Louisiana Supreme Court decided in Moody. Moody involved facts that are analogous to those in the case at bar. An employee, Mr. Moody, injured during the course and scope of his employment and receiving worker's compensation benefits, brought suit against various third-party tortfeasors for damages. Mr. Moody's employer's worker's compensation carrier intervened, seeking to recover compensation benefits paid to Mr. Moody. A jury found in favor of Mr. Moody and awarded him *934 substantial damages. The trial court's judgment recognized the worker's compensation carrier's claim and ordered that it be paid, in preference, out of Mr. Moody's award. Subsequently, a dispute arose between the parties over the apportionment of the proceeds of the judgment. The worker's compensation carrier argued that the amount of its compensation lien should be paid first, without deduction of any amount for the plaintiff's attorney one-third contingency fee. Conversely, the plaintiff's attorney contended that his one-third fee applied to the entire judgment.
This dispute eventually made its way up to the Louisiana Supreme Court. The Court resolved the dispute in the following manner:
"When an employer pays compensation to a worker who has been injured by the wrongful act of a third person, the employer and the worker become co-owners of a property right consisting of a right to recover damages from the third person. Since the Civil Code has not dealt in detail with co-ownership of single things, the task to construct a doctrine has fallen to the writers, using as help the statutory principles furnished by the titles on ownership, successions, and partnership contract. La.C.C. art. 480; Aubry & Rau, Property § 221, 329.
* * * * * *
Applying this doctrine to the action and right against the third person, we conclude that, with respect to any costs necessary to the maintenance and conservation of the right, each co-owner is always obliged to contribute in proportion to his interest in the right, and that, with respect to any other litigation costs, each co-owner is responsible for his proportionate part of reasonable and necessary expenses and legal services that accrue to his benefit. Under the doctrine, each co-owner is liable for necessary maintenance and conservation costs, such as those involved in filing suit and interrupting prescription, regardless of whether he consented to them. Ordinarily he would not be bound for other litigation costs incurred without his consent, but the workers' compensation law dispenses with the requirement of his consent.
* * * * * *
Under these principles the necessary and reasonable costs of recovery are to be apportioned between the worker and the employer according to their interests in the recovery. First the court must determine the employer's proportionate interest in the recovery by determining the ratio or percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery.
* * * * * *
The costs of recovery are the necessary and reasonable expenditures and obligations, including those for attorneys' fees, incurred in effecting recovery. In determining and fixing the attorneys' fees, the court must adhere to the Code of Professional Responsibility which prohibits a lawyer from collecting a fee that is in excess of a reasonable fee...."
Moody, at 1085-1086. Thus, under Moody, the employer or worker's compensation carrier may be charged with a proportionate share of the costs of recovery, including the injured employee's attorney's fees.
An issue which has not been addressed specifically by Moody, or its progeny, is whether the plaintiff-employee must state a cause of action, through his pleadings, against the intervenor for the litigation expenses and/or attorney's fees. Intervenor, in the case at bar, argues that this type of relief must be specifically prayed for. Intervenor also argues that to allow the plaintiff-employee, after a judgment on the merits has been entered, to state a cause of action for the litigation expenses or attorney's fees amounts to an improper broadening of the pleadings. We disagree.
We are well aware of the statutory and jurisprudential rule that special damages, such as attorney's fees, must be specifically alleged in the pleadings. LSA-C.C.P. art. 861; Lauer v. City of Kenner, 445 So.2d 1308 (La.App. 5th Cir.1984); Lanier Business Products, Inc. v. First National Bank of Rayville, 388 So.2d 442 *935 (La.App.2d Cir.1980). However, we do not think this rule should apply to the plaintiff's recovery of litigation costs, including attorney's fees, sanctioned by Moody. The Supreme Court's apparent purpose in Moody was not so much to create a cause of action for special damages, as it was to provide a means whereby the costs of recovery could be equitably allocated. Since the holding in Moody really affects the disbursement of the proceeds of a judgment, we find that a plaintiff can properly seek to have the court apportion the costs of recovery, pursuant to Moody, through a post-judgment rule[2] or motion. See, e.g. Thomas v. Hartford, 540 So.2d 1068 (La. App. 1st Cir.1989) (motion to fix an attorney fee); and Whitehead v. Texada, 506 So.2d 966 (La.App.3d Cir.1987) (motion for disbursement of proceeds). We also agree with the First Circuit that an employee is entitled to a hearing to determine the percentages of the litigation costs, including attorney fees, for which each party is responsible. Thomas, supra. Accordingly, we conclude that the trial court acted appropriately in allowing evidence on the attorney's fees at the hearing.

SPECIFICATION OF ERROR NO. 2
By way of its second specification of error, intervenor asserts that the trial court misapplied the Moody decision, and in so doing, erred in ordering it to pay attorney's fees to plaintiff. Intervenor makes several arguments in support of this assertion. Intervenor's first contention is that Moody is a case which should be limited to its particular facts. More specifically, intervenor claims that the Supreme Court in Moody was trying to remedy a particular injustice occurring in that case, viz., that plaintiff's attorney did not receive the entire amount due him under his contract. Intervenor maintains that since the plaintiff's counsel in the instant case has been adequately compensated, Moody does not apply.
This issue was directly addressed by the First Circuit in its recent decision in Major v. Cotton's, Inc., 551 So.2d 57 (La. App. 1st Cir.1989). In Cotton's, the court stated:
"While it is true, as intervenor claims, that Moody involved an award where there were insufficient funds available for all parties to receive a portion of the award, and here there are ample funds, nonetheless, this fact does not preclude application of those principles contained in Moody."
Id. at 59. We agree with our brethren in the First Circuit that there is no authority for the proposition that Moody should be limited to its facts. We also note that the language of the Moody case gives a clear indication that its holding was not meant to be limited to a certain set of facts. The case continually mentions an intervenor's "obligation" to contribute its proportionate share of the costs of recovery. Several subsequent cases have focused in on this "obligatory" language. See Broussard v. Olin Corp., 546 So.2d 1301 (La.App. 3d Cir.1989); Eskine v. Regional Transit Authority, 531 So.2d 1159 (La.App. 4th Cir. 1988); Samanie & Barnes v. Lawler, 517 So.2d 340 (La.App. 1st Cir.1987). Thus, we conclude that the trial court appropriately applied the holding in Moody to the facts of this case.
Intervenor's second argument why it should not have been ordered to pay a portion of the attorney's fees stems from its participation in the prosecution of the suit. Intervenor contends that the Supreme Court in Moody was concerned with the fundamental unfairness of allowing an employer or its compensation carrier to intervene *936 in the employee's tort suit, do nothing towards the prosecution of the suit, and then collect its reimbursement or future credit from the judgment. Intervenor maintains that this was not the situation in the case at bar, as it took an active role in the prosecution of this action. Both in the record and in brief, intervenor provides a catalog of its involvement in this lawsuit. After scrutinizing the evidence intervenor has provided, we find that intervenor did participate in the prosecution of this action, and we will credit it accordingly when we calculate its proportionate share of the costs of recovery.
By its final argument, the intervenor would have this court apply the rule of law expressed in Brooks v. Chicola, 514 So.2d 7 (La.1987) to the instant case. In Brooks, the Supreme Court held that a worker's compensation carrier is not entitled to recover reimbursement or future credit from the employee's award of general damages in a suit against a third party tortfeasor. From this holding, intervenor contends that since it is not able to seek reimbursement from the plaintiff's general damage award it should not be held responsible for any time spent by plaintiff's counsel in prosecuting the general damage award. We find this case to be inapposite. The Court in Brooks found that since weekly compensation benefits are paid in lieu of lost wages and lost earning capacity and not in lieu of pain and suffering, there can be no reimbursement to the intervenor for those weekly benefits from the plaintiff's pain and suffering award. We find nothing in Brooks which would affect the intervenor's obligation to contribute its proportionate share of the costs of recovery under Moody.

THE MOODY FORMULA
At the hearing on the rule to show cause, both parties submitted evidence as to the amount intervenor should bear as its proportionate share of the costs of recovery. After considering the evidence, the trial judge determined that the plaintiff was entitled to recover $813.47 in litigation expenses and 1/3 of $65,971.31 in attorney's fees from intervenor. Since these figures were not derived from the formula established by the Supreme Court in the Moody case, we find them to be in error. LSA-C. C.P. art. 2164 authorizes this court to render any judgment that is just, legal and proper upon the record on appeal. As the record contains sufficient information for this court to make a just, legal and proper determination of the amount owed by intervenor to plaintiff, a remand to the trial court is not necessary.
In arriving at a determination of the amount plaintiff is entitled to be reimbursed, we must consider the procedure mapped out in Moody. The Court stated in Moody that the first step in apportioning the costs of recovery is to determine "... the employer's proportionate interest in the recovery by determining the ratio or percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery." Moody at 1086. The following formula was provided by the Court for determining the employer's proportionate interest in the recovery:
 Employer's reimbursement = Employer's
 ------------------------
 Recovery from third person share of recovery
The employer's share of recovery constitutes the percentage of the plaintiff's costs that the employer must contribute. After the employer's share of recovery is calculated, the court must next decide which expenses make up the costs of recovery. Moody defines the costs of recovery as "... the necessary and reasonable expenditures and obligations, including those for attorneys' fees, incurred in effecting recovery." Moody at 1086. In determining the attorney's fees, the court is not bound by any contingency fee arrangement, but rather, should consider the interests of the employer and employee in the cause of action, the factors enumerated in the Code of Professional Responsibility DR 2-106 and the amount of work performed by each counsel, if the employer and employee are represented by separate counsel. The fee must also "... relate to necessary services which actually benefitted or augmented recovery from the third person...." Moody at 1086. Finally, Moody dictates that the *937 amount of future benefits that the employer is relieved of paying as a result of the judgment against the tortfeasor should be assigned a present value and then added to the employer's reimbursement in calculating the employer's share of recovery.
In the case at bar, intervenor was awarded $65,971.31 in past paid compensation and medical expenses and received a credit of $433,000.00 for future compensation and medical expenses. The total recovery from the tortfeasor was $721,500.00. If we plug these numbers into the Moody Formula, the employer's share of the recovery is as follows:

 $65,971.31 + $433,000.00 = 69%
 ------------------------
 $721,500.00

Thus, the intervenors share of the litigation expenses, which were stipulated to be $2,109.64, amounts to $1,455.65.
As for the attorney's fees, their calculation involves a little more complex procedure. It is undisputed that plaintiff had a 1/3 contingency fee contract with his attorney, Nick Pizzolatto, Jr. We find this fee to be reasonable under the circumstances. If we apply this 1/3 to plaintiff's recovery from the tortfeasor minus the amount awarded to intervenor for past compensation and medical expenses and for future credit, the number obtained is:
$721,500.00 - $498,971.31 × 1/3 = $74,176.23
However, we feel that this figure should be further reduced to reflect the contribution made by intervenor's attorney in the prosecution of this suit. At the hearing on the rule, intervenor provided an extensive inventory of its involvement in this case. While some of the activities listed by intervenor were solely undertaken for the protection of its own interests, we do find that intervenor contributed to the prosecution of this action. We believe that intervenor should be credited $15,000.00, to reflect its involvement in the lawsuit. When this credit is subtracted from the 1/3 contingency fee and then multiplied by the employer's share of recovery percentage, the following amount is obtained:
$74,176.23 - $15,000.00 × .69 = $40,831.60
As a result, intervenor's proportionate share of the attorney's fees is $40,831.60. When added to the proportionate share of the litigation expenses, intervenor's proportionate share of the costs of recovery amounts to $42,287.25. The plaintiff is therefore entitled to be reimbursed the sum of $42,287.25 by intervenor.
For the foregoing and assigned reasons, the judgment of the trial court is amended, and affirmed as amended.
IT IS ORDERED, ADJUDGED AND DECREED that there by judgment in favor of plaintiff, Jay R. Denton, against Transportation Insurance Company, for the sum of $42,287.25, together with legal interest from the date of judicial demand until paid. Costs are to be borne 69% by intervenor and 31% by plaintiff.
AFFIRMED AS AMENDED.
NOTES
[1] By Act 454 of the 1989 Regular Session, effective January 1, 1990, the Legislature has amended La.R.S. 23:1103, modifying the Moody decision.
[2] We recognize the general rule that a summary proceeding by rule to show cause cannot normally be used to fix and recover attorney's fees. Pittman Construction Company v. Housing Authority of New Orleans, 179 So.2d 900 (La.1965); Radar v. Duke Transportation, Inc., 484 So.2d 323 (La.App. 3d Cir.1986); In Re Lomm, 195 So.2d 416 (La.App. 4th Cir.), writ denied, 250 La. 541, 197 So.2d 81 (1967). However, as we have already stated, it is our opinion that the Moody case concerns how the proceeds of the judgment are allocated between the employee and the intervenor. Thus, we determine that a rule to show cause may be properly used, as it was in the instant case, for the purpose of having the intervenor show why it should not be charged with a proportionate share of the costs of recovery.