593 So.2d 1392 (1992)
CHARITY HOSPITAL OF LOUISIANA IN NEW ORLEANS
v.
David A. BAND, Jr. consolidated with
CHARITY HOSPITAL OF LOUISIANA IN NEW ORLEANS
v.
Lynn E. McCRIMMONS.
Nos. 91-CA-0709, 91-CA-0710.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1992.
Rehearing Denied March 18, 1992.
*1393 David Band, Jr. in pro per, and for appellant Lynn E. McCrimmons.
Miles G. Trapolin, Trapolin Law Firm, New Orleans, for appellee.
Before LOBRANO and ARMSTRONG, JJ., and BRYAN, J. Pro Tem.
LOBRANO, Judge.
In this appeal attorney David Band, Jr. asserts he is entitled to a contingency fee on the funds due Charity Hospital out of the proceeds received in settling a personal injury suit on behalf of his client. The issue is a legal one and is appropriate for disposition by way of summary judgment. Charity Hospital answers the appeal seeking damages for frivolous appeal.
FACTS:
On February 1, 1989, Lynn E. McCrimmons was injured in a motor vehicle accident while riding his bicycle. McCrimmons was treated at Charity Hospital in New Orleans for injuries sustained as a result of that accident. The hospital bill for services and supplies totalled three thousand seven hundred eight dollars and seventy five cents ($3,708.75).
On March 2, 1989, Band filed suit on behalf of McCrimmons in the Civil District Court for the Parish of Orleans. On March 26, 1990, Charity notified Band in accordance with La.R.S. 9:4753 of McCrimmons' outstanding debt to Charity. The record is clear that the privilege accorded Charity in La.R.S. 9:4752 was perfected.[1]
McCrimmons' personal injury suit was subsequently settled for forty thousand dollars ($40,000.00). The hospital bill was never paid.
On June 7, 1990 Charity sued Band in First City Court pursuant to R.S. 9:4754 because of Band's failure to satisfy its claim out of the settlement proceeds. *1394 Charity also sued McCrimmons on open account, but never obtained service.
Band excepted to Charity's suit on lis pendens grounds asserting that Charity had intervened in the personal injury suit. Charity filed a motion for summary judgment asserting that it had perfected its privilege on the funds received by Band in settlement of the personal injury suit, and that Band disbursed the funds without paying Charity.
The trial court granted the judgment and dismissed the exception of lis pendens. Judgment was rendered against Band personally for the full sum of Charity's outstanding bill.
Band perfects this appeal. He first argues that he retained the amount due to Charity in his trust account, and thus there is a material issue of fact concerning disbursement. Next, he argues that Charity should be required to pay a contingency fee of forty percent of the bill, citing Moody v. Arabie, 498 So.2d 1081 (La.1987) and Broussard v. Olin Corporation, 546 So.2d 1301 (La.App. 3rd Cir.1989).
Despite Band's argument to the contrary, we find no issue of fact. His assertion that there has been no disbursement so as to "trigger" the privilege accorded Charity has no merit.
Revised Statute 9:4754 provides:
"Any person who, having received notice in accordance with the provisions hereof, pays over any monies subject to the privilege created herein, to any injured person, or to the attorney, heirs, or legal representatives of any injured person, shall be liable to the licensed health care provider, hospital, or ambulance service having such privilege for the amount thereof, not to exceed the net amount paid." (emphasis added)
In a letter to Charity dated May 24, 1990 Band stated he withheld the amount of $3,708.75 from the proceeds of the settlement, and that "the money remains in my trust account." It is thus apparent that the remainder of the settlement proceeds were disbursed. The statute does not require all of the funds be disbursed before personal liability attaches only that "any monies subject to the privilege." We therefore conclude that there was a disbursement made, and that is not a genuine issue of fact warranting a reversal.
The issue of law is whether Band is entitled to a fee on the proceeds due Charity. Actually Band's assertion is that his client should get reimbursed for the fee since it has already been collected by Band. Band had a forty percent contingency fee contract with McCrimmons and thus he argues that Charity owes him for his services in collecting their bill. First, we note that the cases cited by Band are distinguishable.
In Moody v. Arabie, supra, the issue was whether an employer (or its compensation insurer) was obligated to pay a portion of the employee's attorney fees in a third party tort suit. The Supreme Court concluded that since the employer had a preference up to the amount of the compensation paid, on the settlement and/or judgment proceeds in the employee's third party claim, each party (employer and employee) were co-owners in the litigious right. As co-owners each were responsible for their pro-rata share of the litigation costs, including attorney fees. Broussard v. Olin, supra, used the same rationale and reached the same conclusion.
We find Moody distinguishable from the instant case. Where an employee is injured by the tortious acts of a third party, either the employer who pays compensation or the employee, or both can file suit. La. R.S. 23:1102(A)(B). Thus by specific statute, the employer is granted a property right in the claim of the injured employee. In the instant case, Charity is the creditor of McCrimmons. Absent a legal or conventional subrogation by McCrimmons, Charity has no independent right to seek from the tortfeasor the medical expenses incurred by McCrimmons. The law (R.S. 9:4751, et seq.) only provides that Charity have a privilege on any funds received by *1395 McCrimmons from another person on account of the injuries.
The record is clear that Charity perfected its privilege by notifying Band. Band disbursed the funds without satisfying Charity's claim and thus became personally liable for its payment. La.R.S. 9:4754. The relationship between Charity and McCrimmons is that of debtor-creditor, and not co-owners of a litigious right. Therefore, unlike Moody and Broussard, there is no obligation for a proportionate sharing of expenses.
The statutory scheme which creates Charity's privilege does however, recognize that an attorney's privilege for fees is superior. La.R.S. 9:4752. Thus, out of any settlement or judgment proceeds, the attorney's fee will be satisfied prior to Charity's claim. However, once the attorney disburses the proceeds to the client without satisfying Charity's claim, the attorney becomes personally liable for the entire bill up to the amount of the funds disbursed. Presumably the attorney will have already recovered his fees. In any event, the attorney is responsible for the full amount of the medical services privilege but only up to the amount he disbursed.
Based on the record before us, we conclude that the net proceeds paid to Band's client was in excess of the amount owed Charity. By failing to pay Charity prior to disbursement of the settlement proceeds, Band is liable for their outstanding bill.
During oral argument, Band raised an additional issue of the reasonableness of Charity's bill. This issue was not raised in opposition to the summary judgment. In fact Band did not file any countervailing affidavits or documentation in opposition. Attached to Charity's motion is an affidavit by Charity attesting to the correctness of its bill. Under these circumstances, we reject this argument.
Accordingly we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] La.R.S. 9:4752 provides:

"A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. The privilege of an attorney shall have precedence over the privilege created under this Section.
La.R.S. 9:4753 provides:
"The privilege created herein shall become effective if, prior to the payment of insurance proceeds, or to the payment of any judgment, settlement, or compromise on account of injuries, a written notice containing the name and address of the injured person, the date the injury was incurred, the name and location of the interested health care provider, hospital, or ambulance service, and the name of the person alleged to be liable to the injured person on account of the injuries received, is mailed by the interested health care provider, hospital, or ambulance service, certified mail, return receipt requested, to the injured person, to his attorney, to the person alleged to be liable to the injured person on account of the injuries sustained, to any insurance carrier which has insured such person against liability, and to any insurance company obligated by contract to pay indemnity or compensation to the injured person. This privilege shall be effective against all persons given notice according to the provisions hereof, and shall not be defeated nor rendered ineffective as against any person that has been given such notice, because of failure to give such notice to all those persons named herein."