611 So.2d 831 (1992)
Alicia MILLER & Richard Miller, Plaintiffs-Appellants,
v.
James SAUSEDA, et al., Defendants-Appellees.
No. 91-1134.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1992.
Writ Denied March 26, 1993.
*832 Broussard, Bolton, Halcomb & Vizzier, Roy Halcomb, Alexandria, for plaintiff/appellant.
Marie Healey, New Orleans, for intervenor/appellant.
McLure & Pickels, John McLure, Alexandria, for defendant/appelleeState Farm.
Todd Farra, Ball, for defendant/appelleeSauseda/Liga.
James Kirk, Alexandria, for defendant/appelleeDOTD.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
KNOLL, Judge.
Alicia Miller and her father, Richard Miller, appeal the judgment of the trial court which ordered them to reimburse the Louisiana Electrical Welfare Plan-Alexandria (the Plan), their group health plan administrator, for medical payments the Plan made to them. We amend to limit the payment of legal interest and affirm.
After carefully reviewing the record and jurisprudence, we find that the learned trial court, in well written reasons for judgment, correctly determined that the Millers owed reimbursement to the Plan, and that the Plan was not liable to the Millers for a pro rata share of attorney's fees and costs of litigation. As to these two issues, we adopt the trial court's written reasons for judgment as our own, and append it to this opinion.
However, we will briefly elaborate on the Millers' assertion that the rationale of Moody v. Arabie, 498 So.2d 1081 (La. 1986), a worker's compensation case, should be extended to the present case to allow the Millers to recover a proportionate share of attorney's fees and costs of litigation from the Plan. This circuit has not previously addressed this exact issue.
The trial court dismissed the Millers' argument by simply stating that they were not entitled to recover these two items because the Millers and the Plan were not co-owners of a right to the medical payments. We agree. The relationship between the Millers and the Plan was premised on a contractual right of reimbursement from the plaintiffs rather than via subrogation against the defendant.
The posture of the parties is not that of co-owners as required by the Louisiana Supreme Court in Moody, as subsequently interpreted by this and other appellate courts in the context of medical privileges and subrogation. See, McLain v. Caddo Parish School Bd., 599 So.2d 878 (La.App. 2nd Cir.1992), writ denied, 605 So.2d 1123 (La.1992); Charity Hosp. of Louisiana v. Band, 593 So.2d 1392 (La.App. 4th Cir. 1992), writ denied, 600 So.2d 645 (La. 1992); Moore v. State for State Un. Med. Center, 596 So.2d 293 (La.App. 3rd Cir.1992), writ denied, 600 So.2d 667 (La.1992). Rather, a debtor/creditor relationship exists.
With significance, we recognize that although Moody's proportionate sharing in attorney's fees and litigation expenses is premised on co-ownership, we believe that *833 equity and the concept of unjust enrichment indicate that courts should allocate such expenses to an intervenor regardless of the co-ownership status. The end result of Moody seems just and equitable because the idea behind Moody is apparently that an intervenor in a suit against a third-party can no longer have a free ride in the prosecution of the case. See, Broussard v. Olin Corp., 546 So.2d 1301 (La.App. 3rd Cir. 1989), citing A. Johnson, Workers' Compensation, 48 La.L.Rev. 519 (1987). Also, as stated in Denton v. Cormier, 556 So.2d 931, 935 (La.App. 3rd Cir.1990), "the language of the Moody case gives a clear indication that its holding was not meant to be limited to a certain set of facts. The case continually mentions an intervenor's `obligation' to contribute its proportionate share of the costs of recovery."
Ideally, we should require an intervenor who recovers due to the efforts of a plaintiff's attorney to bear a portion of the expenses based on the amount of his recovery. However, in the absence of legislative mandate, we cannot apply such a benefit analysis to the present case in light of the binding and persuasive jurisprudence which focuses on co-ownership as a prerequisite to pro rata sharing of attorney's fees and other expenses and costs of recovery. For these reasons, we find that the trial court properly denied the Millers' claim that the Plan pay a pro rata share of attorney's fees and the costs of litigation.
Lastly, the Millers contend that the trial court incorrectly awarded legal interest to the Plan, commencing on June 8, 1989, the date of judicial demand. They argue that legal interest should have commenced on March 1, 1991, the date that the third-party tortfeasors paid the Millers for the same medical expenses. We agree.
Since payment to the Plan was contractually required by the Millers only when they were paid by the third-party tortfeasors, we find that the trial court should have limited the Millers' obligation to pay legal interest from March 1, 1991; until that date, the Millers had no contractual obligation to reimburse the Plan.
For the foregoing reasons, we affirm the judgment of the trial court in all respects except that the judgment is amended to award the Plan legal interest on the judgment, commencing March 1, 1991, until paid. Costs of this appeal are assessed to the Millers.
AFFIRMED AS AMENDED, AND RENDERED.
SAUNDERS, J., dissents in part and assigns reasons.

APPENDIX

Ninth Judicial District Court

Parish of Rapides

State of Louisiana

Civil Suit Number 154,707

Alicia Miller and Richard Miller

vs.

James Sauseda, et al.

REASONS FOR JUDGMENT
Intervenor filed a second motion for summary judgment. Plaintiffs and intervenor, through their respective counsel, filed comprehensive briefs which address, in the Court's opinion, every conceivable legal theory pertaining to the matter in dispute. These briefs, and the other materials submitted, have been thoroughly reviewed.
Initially, this Court observes that the matter may be resolved by looking to the agreement between the parties and applying federal common law. This Court feels that the agreement between the parties governs their respective rights as to each other.
The Court earlier defined what a third person was under the agreement. In further reading the document the Court finds that though most of the verbiage deals with the subrogation rights of the parties, there is an additional clause that describes a different right. The Court feels that a reading of the agreement between plaintiff and intervenor resolves the dispute. The agreement between the parties is the law between them. Plaintiffs agreed to reimburse *834 intervenor "any amount that I receive from a third person for payment of medical expenses to the extent that the plan may have already paid me for the same medical expenses". Because of this language, the Court concludes that it is not necessary to reach the subrogation question because intervenor has a contractual right of reimbursement from plaintiffs, irrespective of subrogation, for funds obtained from third parties. Plaintiffs' settlement with defendants clearly states that medical expenses are covered by the settlement. Intervenor's entitlement to recovery is a direct right against plaintiffs. The parties agreed that plaintiffs will reimburse intervenor for medical expenses which plaintiffs recovered from a third party. That obviates the necessity of proceeding through subrogation rights.
Plaintiffs' claim for a proportional share of attorney's fees from intervenor is not well founded. The cases cited by plaintiff are worker's compensation cases, and they apply state law. In Moody v. Arabie, 498 So.2d 1081 (La.1986), the Louisiana Supreme Court grounded the payment of a proportional share of attorney's fees by the compensation carrier on the theory that the subrogation right was in the nature of a co-owned thing. Thus, the compensation carrier was in the posture of a co-owner who must reimburse another co-owner for maintenance and conservation of the common thing in the proportion of the co-owner's interest in the thing. That rationale is not applicable to the present case. There is no co-owned right. Intervenor has an independent claim against plaintiffs. Intervenor is not obligated to pay plaintiffs where, as here, intervenor is exercising a legal right belonging solely to it.
Plaintiffs also contend that intervenor has not shown that plaintiffs received payment from LIGA, the State and/or James Sauseda of the specific medical expenses which intervenor paid. The settlement document shows what amounts of money were received from which defendant, but not to what accounts the funds were applied. The settlement documents clearly state that the funds received are to be in settlement of medical claims.
For the foregoing reasons, intervenor's second motion for summary judgment is granted at plaintiffs' cost.
Alexandria, Louisiana, this 5th day of August, 1991.
 (s)Alfred A. Mansour
 Alfred A. Mansour
 District Judge
 Division "A"
SAUNDERS, Judge, dissenting in part.
I find that the trial court erred in failing to apply Moody v. Arabie, 498 So.2d 1081 (La.1986) to the facts of this case. The trial court allowed the Plan an award for reimbursement against the plaintiffs, and under the policy enunciated in Moody, supra, the plaintiffs should be entitled to make a claim against their medical insurer, the Plan, for a proportionate share of attorney's fees and costs.
There can be no doubt that the Plan, plaintiffs' insurer, will benefit by the medical payments paid to the insured by the third party tortfeasor. Additionally, there is no doubt that the insurer owed the plaintiffs for those medical payments which were not paid by the third party tortfeasor. Furthermore, if the plaintiffs determined that they would not reimburse their insurer after payment of their medical expenses by the third party tortfeasor, then the insurer would be forced to exercise its subrogation rights directly against the third party tortfeasor and hire its own attorney. As such, the distinction between a right of action for reimbursement and a right of action for subrogation, as it applies to plaintiffs' right against their insurer for a proportionate share of attorney's fees, is a distinction without a difference.
We have held that Moody, supra, should not be limited to a certain set of facts in Denton v. Cormier, 556 So.2d 931, 935 (La.App. 3d Cir.1990):
We agree with our brethren in the First Circuit that there is no authority for the proposition that Moody should be limited to its facts. We also note that the language of the Moody case gives a *835 clear indication that its holding was not meant to be limited to a certain set of facts. The case continually mentions an intervenor's "obligation" to contribute its proportionate share of the costs of recovery.
Based upon the foregoing, I would reverse that portion of the trial court's judgment which held that the plaintiffs were not entitled to their proportionate share of attorney's fees from any judgment in favor of the Plan.