laGOTHARD, Judge.
Intervenor, Boh Bros. Construction Company, Inc. (Boh Bros.), appeals a judgment of the trial court denying its rule to apportion attorneys’ fees and ordering a reimbursement of attorneys’ fees to the plaintiffs pursuant to Moody v. Arabie, 498 So.2d 1081 (La.1986). We affirm.
This matter arises out of a 1982 accident in which Elmer Allan Duncan was killed, and Marion Natkowski was injured by electrocution. At the time of the accident both men were employed by Boh Bros. As a result of the accident, a damage suit was filed against Louisiana Power and Light Company (LP & L), and the State of Louisiana, through the Department of Transportation and Development (DOTD). Boh Bros, filed an intervention to recover compensation benefits paid to plaintiffs under the Louisiana Workers’ Compensation Act.
laOn December 20, 1990, judgment was rendered in favor of Marion Natkowski in the amount of $882,032.00, and in favor of Edwin-na Duncan, widow of Allan Duncan, in the amount of $128,654.00. Appeals were taken and the judgment became final on June 19, 1992. After final judgment and interest the following distributions were made:
1. Marion Natkowski:
a. Total recovery from LP & L and DOTD $ 303,363.27
b. To Boh Bros, on the intervention $ 4,162.06
c. Attorneys’ fees $ 153,181.64
2. Edwinna Fannin Duncan:
a. Total recovery from LP & L and DOTD $1,816,894.00
b. To Boh Bros, on the intervention $ 119,184.57
c. Attorney’s fees $ 908,447.49
On October 5, 1992, the plaintiffs filed a rule to show cause why intervenor should not be ordered to pay reasonable attorneys’ fees, in which they sought reimbursement of their share of the costs of recovery. On December 9, 1992 Boh Bros, filed a rule to apportion attorneys’ fees arguing that the attorneys representing intervenor should be entitled to one-half of the fees due in the matter.
After a hearing on the merits the trial court denied intervenor’s motion to apportion attorneys’ fees. Further, the trial court granted plaintiffs’ rule for reimbursement of attorneys’ fees. The court awarded reimbursement to Marion Natkowski in the amount of $1,199.02, and to Edwinna Fannin Duncan in the ^amount of $34,864.56. The calculations as explained in the judgment were as follows: reasons for
1. Marion Natkowski — $1,199.02
Employer’s reimbursement $ 4,152.06
Recovery from third party $ 306,363.72
Employer’s (percentage) share of recovery (1.36%).0136
Attorneys’ fees $ 153,181.64
X employer share of recovery X .0136
Employer’s share of attorneys’ fees $ 2,083.27
Less credit for Boh Bros, attorneys’ fees $ 884.25
Total owed $ 1,199.00
2. Edwinna Fannin Duncan — $35,283.40
Employer’s reimbursement $ 119,184.57
Recovery from third party $ 1,816,894.99
Employer’s (percentage) share of recovery (6.55%).0655
Attorneys’ fees $ 908,447.49
X employer share of recovery X .0655
Employer’s share of attorneys’ fees $ 59,503.31
Less credit for Boh Bros. Attorneys’ fees $ 24,638.75
Total owed $ 34,864.56
*667 In six assignments of error, Boh Bros, argues that the court erred in fading to honor a stipulation among the parties which allowed the intervenor to collect the full amount of the intervention without reduction for attorneys’ fees; that the |5trial court’s reliance on, and calculations in accordance with, Moody v. Arabie is incorrect; and that the denial of the motion to apportion attorneys’ fees was error.
The stipulation to which appellant refers was entered into by the parties on November 8,1990 and reads in pertinent part as follows:
In the event a Judgment is rendered herein in favor of plaintiff, Edwinna Fannin wife of Elmer Allan Duncan and against one or more of the defendants, it is stipulated and agreed that Boh Bros. Construction Company, Inc., as intervenor, is entitled to receive judgment for payment of workers’ compensation benefits and medical expenses which have been paid to or on behalf of the deceased Elmer Allan Duncan and his widow, Edwinna Fannin Duncan, in the amount of $68,033.33 by preference and priority out of any judgment which may be rendered herein in favor of plaintiff; additionally, Boh Bros. Construction Company, Inc. is entitled to recover by preference and priority out of any judgment rendered herein, the additional workers’ compensation benefits which it pays to any final judgment herein.
In the event a judgment is rendered herein in favor of plaintiff, Marion Natkowski, and against one or more of the defendants, it is stipulated and agreed that Boh Bros. Construction Company, Inc., as intervenor, is entitled to receive judgment for payment of workers’ compensation benefits and medical expenses which have been paid to or on behalf of Marion Natkowski in the amount of $2,013.00 by preference and priority out of any judgment which may be rendered herein-in favor of plaintiff.
We find that the stipulation, while establishing a privilege on the judgment, does not concern attorneys’ fees. The language of the stipulation is clear; it refers to “workers’ compensation and medical payments” which were paid by the intervenor. We find no merit in appellant’s argument that the stipulation prohibited a reduction of the judgment for attorneys’ fees.
Appellant makes several arguments concerning the trial court’s reliance on Moody v. Arabie, 498 So.2d 1081 (La.1986). Moody v. Arabie, supra, was [ (¡decided in 1986, and held that the employer may be charged with a proportionate share of the reasonable and necessary costs of recovery, including attorneys’ fees, incurred by the injured worker in the suit against the third person. In reaching that decision the Supreme Court reasoned that the injured employee and the intervenor workers’ compensation carrier are co-owners of a right to recover damages from a third party.
Initially, appellant argues that the trial court erred in applying Moody retroactively. The accident which forms the basis of this suit occurred in 1982 and Moody was decided in 1986. Contrary to appellant’s assertion, there was no retroactive application of Moody in this case. The rights to apportion did not exist until the tort judgment was rendered in 1990. See Melton v. General Electric Co., Inc., 625 So.2d 265 (La.App. 4 Cir.1993); Taylor v. Production Services, Inc., of Mississippi, 600 So.2d 63 (La.1992). This assignment is "without merit.
Appellant argues that Moody v. Arabie is inapplicable to the present case because of the active participation of attorneys for Boh Bros, in investigation, discovery and, pre-trial procedures, as well as trial and appellate preparation. Plaintiffs counter that the bulk of the work done on this case by attorneys for Boh Bros, constituted defense of a claim made by LP & L and DOTD against Boh Bros, for the intentional acts of its employees.
It is clear from the reasons for judgment that the trial court considered the work of Boh Bros.’ attorneys in reaching its decision. Credit was given to Boh Bros, for payment of $25,523.00 to its attorneys in prosecution of the intervention in this case. Given the designated record before us, we cannot find error in that ruling.
|7Nor do we find merit in the appellant’s argument that Moody is inapplicable. Under *668 Moody v. Arabie a plaintiff is entitled to reimbursement from the intervenor for a portion of attorneys’ fees paid in prosecution of a claim against a third party. The relationship between the parties in the instant matter are identical to those in Moody v. Arabie.
In its next assignment of error, appellant argues that the trial court erred in applying an excessive contingency fee in this matter. Reasonableness of attorneys’ fees is a question of fact which will not be overturned on appeal absent manifest error. Upon review of this designated record we can find no manifest error.
Finally, appellant argues that the trial court erred in denying the motion to apportion the attorneys’ fees paid by plaintiffs to their lawyers. Boh Bros. contends that their lawyers are entitled to one-half of the fees paid to the attorneys for the plaintiffs in connection with this lawsuit. The reasoning used in this argument is similar to that used by appellant in the error concerning the applicability of Moody v. Arable; that the attorneys for intervenor did not act in “what many feel is the typical manner for the inter-venor’s attorney”. Appellant contends that their attorneys were intimately involved in this case in its entirety. Moody v. Arable makes no provision for the sharing of attorneys’ fees between the plaintiffs counsel and the intervenor’s counsel. Further, based on the designated record before we can make no determination as to the contribution of appellant’s attorneys which would warrant a reversal of the trial court on this issue.
Appellees argue that the trial court erred in failing to make an award to Edwinna Fannin Duncan for the present value of future benefits. The Moody | gformula includes the valuation of future benefits. Melton v. General Electric Co., Inc., supra. This argument has no merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.