1WICKER, Judge.
This is an appeal in an incidental proceeding that arose out of a personal injury suit. At issue is whether a hospital which seeks to enforce its privilege under La.R.S. 9:4751-4755 to recoup its charges from an injured person’s proceeds of recovery may be forced to contribute to the costs of recovery. Under the facts here, we find that the hospital may not be required to so contribute. Accordingly, we reverse the district court’s judgment and render judgment in favor of the hospital.
Plaintiff José Mena was injured in a 1991 motor vehicle accident in which his motorcycle was struck by a vehicle owned by L.A. Muhleisen and Sons Funeral Homes. He underwent a course of medical treatment at East Jefferson General Hospital and incurred $34,406.98 in hospital charges. Mena, his wife and his minor son subsequently filed suit against Louis A. Muhleisen, Jr. d/b/a L.A. Muhleisen and Sons Funeral Homes, and others. Jefferson Parish Hospital District No. 2, Parish of Jefferson, State of Louisiana, d/b/a East Jefferson General *67 12Hospital (hereafter EJGH) intervened in the lawsuit to protect its privilege under La.R.S. 9:4752, under which it can recoup its charges from the net proceeds recovered by the plaintiffs.
The claims of all the plaintiffs against the defendants eventually were settled. José Mena received $750,000.00; his wife and son received $50,000.00. The main suit was dismissed, with a reservation as to EJGH’s intervention, and the plaintiffs filed a motion to assess attorney’s fees and costs against the intervenor. The plaintiffs disputed the hospital’s right to recover the full amount it sought, claiming that the intervenor “should be charged with a proportionate share of reasonable and necessary costs of recovery of their medical expenses due, including attorney’s fees and related expenses incurred in said recovery of said expenses on their behalf, which monies would not have been recovered but for plaintiffs’ and their counsel’s efforts expended regarding the legal pursuit of this claim.”
On June 21, 1994 the trial court rendered judgment in favor of the plaintiffs, ruling that EJGH is liable to plaintiffs in the amount of $13,762.76, plus any court costs incurred in bringing the motion. In her Reasons for Judgment the trial judge relied on the cases of Moody v. Arabie, 498 So.2d 1081 (La.1986), and Miguez and Leckband v. Holston’s Ambulance, 614 So.2d 150 (La.App. 3rd Cir.1993), finding that plaintiffs’ counsel was entitled to 40% of the amount recovered on the hospital’s behalf. EJGH has appealed and the plaintiffs have answered the appeal.
At the hearing on the plaintiffs’ motion to assess attorney’s fees and costs, the parties stipulated that (1) José Mena incurred $34,-406.98 in medical expenses as a result of the accident; (2) treatment was provided by EJGH; (3) Leonard Cline, plaintiffs’ counsel, had performed all the necessary legal work and expended ball necessary sums in order to recover all sums in the matter on behalf of his clients; and (4) EJGH is not part of the state charity hospital system.
La.R.S. 9:4752 defines the privilege asserted by EJGH as follows:
A ... hospital ... that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such ... hospital ... on the net amount payable to the injured person ..., out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries * * *. The privilege of an attorney shall have precedence over the privilege created under this Section.
The privilege becomes effective if written notice according to the provisions of La.R.S. 9:4753 is given to the injured person, his attorney, and others prior to payment of the judgment, settlement or compromise.
In positing that EJGH is liable for a proportionate share of their attorney’s fees and costs in recovering on their claims, plaintiffs relied primarily on Moody v. Arabie, supra. In Moody the supreme court held that an employer who intervened in a tort lawsuit to recover worker’s compensation benefits it paid to the injured employee was liable to share the expenses of recovery, including attorney’s fees. The court reasoned that the injured party and the intervenor for compensation reimbursement are co-owners of the right to recover damages from the third party tortfeasor and, as co-owners, each is responsible for his proportionate part of reasonable and necessary expenses and legal services that accrue to his benefit. Id., 498 So.2d at 1085.
In contrast to that situation, however, EJGH is not the employer of the injured party. There is no evidence that Mena assigned his right in the suit to EJGH. Such an assignment would have subrogated the hospital to his tort claims. See La.Civ.Code art. 2642. Therefore, unlike a worker’s compensation intervenor or a subrogee, the hospital had no ownership interest in Mena’s tort recovery.
|4The liability of a hospital-creditor for contribution to an injured person’s attorney’s fees has been addressed several times by other circuits. In Charity Hosp. of Louisiana v. Band, 593 So.2d 1392 (La.App. 4th Cir.), writ denied, 600 So.2d 645 (1992), the *68 fourth circuit distinguished Moody because the hospital was the creditor, but not the employer, of the injured party and it had no independent right to seek from the tortfeasor the medical expenses incurred by the injured party: “The relationship between Charity and McCrimmons is that of debtor-creditor, and not co-owners of a litigious right.” Id. at 1395.
In Moore v. State for State Un. Med. Center, 596 So.2d 293 (La.App. 3rd Cir.), writ denied, 600 So.2d 667 (1992), the third circuit held that the hospital and the injured party had a debtor-creditor relationship. The court held that La.R.S. 9:4752 does not create a direct cause of action in favor of the hospital against the third party and, as such, is not a true legal subrogation relationship. Because the privilege established by La.R.S. 9:4752 is not a cause of action but an accessory right of security for ultimate payment, the hospital was not required to pay a share of the injured party’s attorney’s fees and costs, but could recover the full amount of its lien after satisfaction of the attorney’s privilege. Id. at 296. See also, Miller v. Sauseda, 611 So.2d 831 (La.App. 3rd Cir.1992), writ denied, 614 So.2d 1254 (1993); Nicholes v. St. Helena Parish Police Jury, 604 So.2d 1023 (La.App. 1st Cir.), writ denied, 605 So.2d 1378 (1992).
Under La.R.S. 13:3864-13:3868, EJGH as a creditor could seize and ultimately pursue Mena’s claim against the defendants in his stead. First, however, the hospital would have to reduce its own claim against him to a judgment. Then it would have to seize his litigious right under La.R.S. 13:3864. Such a seizure gives the creditor a lien or preference on what the debtor realizes from the suit. La.R.S. 13:3865; Pounds v. Chicago Insurance Company, 298 So.2d 134 (La.App. 1st Cir.), writ denied, 302 So.2d 19 (1974). The hospital could acquire Iscontrol of the action, however, only if Mena failed or neglected to prosecute his cause of action. La.R.S. 13:3867. Such neglect or failure would allow the hospital to attempt to compel a sale of his litigious right. La.R.S. 13:3867-3868. To prosecute the suit in Mena’s place, however, the hospital would have to buy the litigious right at the judicial auction.
Accordingly, the reasoning employed in the Moody case is not applicable here.
Similarly, we distinguish this court’s recent decision in Fannin v. Louisiana Power & Light Company, No. 94-441 (La.App. 5th Cir. 12/14/94), 647 So.2d 665, in which we affirmed a judgment ordering the intervenor to reimburse the plaintiff for a portion of her attorney’s fees. In Fannin, the intervenor sought to recover worker’s compensation benefits it had paid to the plaintiff. Thus, like the Moody intervenor, the Fannin inter-venor was a co-owner of the plaintiffs right of action.
We also distinguish Labiche v. Legal Sec. Life Ins. Co., 31 F.3d 350 (5th Cir.1994), a recent ruling by the federal Fifth Circuit which the plaintiffs cited in their supplemental brief. In Labiche the court ordered an insurer who was partially subrogated to the insured’s right of recovery against the tort-feasor to pay its proportionate share of fees and expenses incurred in prosecuting the insured’s claim. The court concluded that Moody applies in cases of partial subrogation as well as in the worker’s compensation setting. Here, however, there was no partial subrogation.
Regardless whether Mena had recovered against the funeral home in his tort suit, he would be liable to the hospital for his medical expenses under the principles of contract law. There is no merit to the plaintiffs’ argument that, had it not been for the efforts of his counsel, Mena would never be able to pay the hospital bill because he has no insurance. That conclusion is speculative and irrelevant to the issues before us.
| oSimilarly, there is no merit to the plaintiffs’ argument that the jurisprudence differentiates between charity hospitals and non-charity hospitals in application of La.R.S. 9:4752. The cases which involve charity hospitals deal with a different statute, La.R.S. 46:8, which gives charity hospitals a legal subrogation to the injured person’s right of action against third-party tortfeasors, to the extent of the hospital’s reasonable charges. That right of subrogation is in addition to the *69 privilege established under La.R.S. 9:4752. See Moore, supra; Nicholes, supra.
We distinguish Miguez and Leckband v. Holston’s Ambulance, stipra, on which the trial judge rehed. In that case the principal amount of the judgment was the amount the injured party owed to the ambulance service. The dispute, therefore, was whether the attorney’s fee primed the ambulance service’s charges out of the judgment in favor of the injured party. The third circuit correctly held that, under La.R.S. 9:5001, the attorney held the higher privilege over the judgment proceeds than the ambulance service held under La.R.S. 9:4752.
La.R.S. 9:5001 grants “a special privilege ... to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on the property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.” The supreme court has held that this section relates only to property recovered by virtue of a judgment and does not relate to proceeds of a settlement. Calk v. Highland Const. & Mfg., 376 So.2d 495 (La.1979).
Here, however, not only was the fund at issue recouped by settlement rather than by judgment, but also the injured party’s total recovery is more than sufficient for both the attorney’s fee and the hospital’s charges.
We agree with the third circuit’s dictum in Miller v. Sauseda, supra, at 833:
Ideally, we should require an intervenor who recovers due to the efforts of a plaintiffs attorney to bear a portion of the expenses based on the amount of his recovery. However, in the absence of legislative mandate, we cannot 'apply such a benefit analysis to|7the present case in light of the binding and persuasive jurisprudence which focuses on co-ownership as a prerequisite to pro rata sharing of attorney’s fees and other expenses and costs of recovery.
We conclude that without a statute, subrogation agreement or other legal basis for the type of contribution sought here, a hospital which seeks to enforce its privilege under La.R.S. 9:4752 may not be compelled to contribute to the injured party’s costs of recovery. Therefore, the judgment must be reversed and judgment must be rendered in favor of the appellant.
In their answer to the appeal, the plaintiffs complained the trial court erred in failing to award litigation costs and in failing to assess interest and costs against EJGH. They sought to have the judgment amended accordingly. In view of our determination that EJGH is not required to contribute to the costs of recovery, the answer to the appeal is dismissed.
For the foregoing reasons, the judgment of the district court is reversed and judgment hereby is rendered in favor of the intervenor, Jefferson Parish Hospital District No. 2, Parish of Jefferson, State of Louisiana d/b/a East Jefferson General Hospital, and against the plaintiffs, Donna Mena, wife of and José Mena, in the amount of THIRTY-FOUR THOUSAND FOUR HUNDRED SIX AND NINETY-EIGHT HUNDREDTHS ($34,-406.98) DOLLARS. Costs of these proceedings are assessed against the plaintiffs.
REVERSED AND RENDERED.
KLIEBERT, C.J., concurs.