JiKLIEBERT, Chief Judge.
This is an appeal in a supplemental concur-sus proceeding that arose out of a personal injury suit. At issue is whether the health insurer, Blue Cross/Blue Shield (Blue Cross), pursuant to a subrogation clause in its policy with the insured plaintiff, Ignatius Barreca, is entitled to full reimbursement of the benefits it paid on plaintiffs behalf, or whether the plaintiff is entitled to deduct a share of the attorney’s fees from that amount. Under the facts of this case, we find that the health insurer should not contribute a share of attorney’s fees. Therefore, we affirm the trial court’s judgment.
Plaintiff Ignatius Barreca was injured in a 1991 automobile accident when the vehicle in which he was a guest passenger collided with another vehicle. In the course of the treatment of his injuries, Barreea’s health insurer, Blue Cross, paid a total of $15,360.91 in medical expenses. Plaintiff filed suit against the driver of the other vehicle, its owner, and the insurers of both. The suit was subsequently settled, with Barreca collecting $69,-000.00, representing $50,000.00 in general damages and $19,000.00 in past medical expenses. Blue Cross did not intervene in the lawsuit. Pursuant to a subrogation clause in plaintiffs |2Blue Cross policy,[1] Barreca’s counsel sent a letter to the insurer notifying them of the settlement and plaintiffs intent to reimburse Blue Cross, subject to the deduction of one-third contingency fee from the reimbursement amount. Blue Cross refused this tender, and plaintiff brought the supplemental concursus proceeding. After a hearing, the trial court found in favor of Blue Cross, and plaintiff appealed.
Plaintiff argues the applicability of Durham Life Ins. Co. v. Lee, 625 So.2d 706 (La.App. 3rd Cir.1993). However, the policy in Durham contained a subrogation clause, not a reimbursement clause like in the Blue Cross policy. The Durham court’s reliance on cases such as Liberty Mutual Ins. Co. v. Weinberger, 329 So.2d 254 (La.App. 4th Cir. 1976), and American Greetings v. Manuel, 602 So.2d 160 (La.App. 3rd Cir.1992) is misplaced when the policy language stipulates *1108 that reimbursement will occur, as opposed to mere subrogation.
We believe the Second Circuit case, McLain v. Caddo Parish School Board, 599 So.2d 878 (La.App. 2nd Cir.1992) is instructive. That court noted that when Louisiana courts have declined to extend the apportionment rationale of Moody v. Arabie, 498 So.2d 1081 (La.1986), those situations could be distinguished from a strict subrogation. In McLain, the court held that the specific policy I slanguage did not create a co-ownership right between the plaintiff and insurer, as in subrogation eases such as Durham.
However, Blue Cross’s reliance upon Charity Hospital of Louisiana v. Band, 593 So.2d 1392 (La.App. 4th Cir.1992), writ denied, 600 So.2d 645 (La.1992), is misplaced. In that case the hospital was entitled to full recovery from the plaintiff by virtue of their simple creditor-debtor relationship; there was no subrogation. In that case, as in Mena Muhleisen, 94-799 (La. 5th Cir. 1/15/95), 652 So.2d 65, the plaintiff had an unconditional obligation to pay the hospital for its services, an obligation not dependent upon plaintiffs possible recovery of damages from a tortfea-sor. In the instant case, as in Durham, plaintiff owes reimbursement to his health insurer only in the event the plaintiffs injuries were caused by a third party tortfeasor and the plaintiff is successful in recovering damages from that tortfeasor. Furthermore, the hospital’s recoveries in Band and Mena are also governed by statutory lien provisions not applicable here. (LSA-R.S. 9:4752 and R.S. 46:8).
Therefore, because we find that the language of the Blue Cross policy provides for their reimbursement rather than strict sub-rogation, we affirm the judgment of the trial court. All costs of this appeal are taxed to plaintiff.

AFFIRMED

. The subrogation clause in plaintiff's Blue Cross policy provides as follows:
E. If the Plan makes payment for services for which a third party (a person or other legal entity) is responsible, then the Plan will be subrogated (substituted) to all the Member's rights of recovery to the extent of such payments. The Member agrees to pay the Plan from the proceeds of any settlement, judgement or otherwise, resulting from the exercise of any rights of recovery of such Member against any third party legally responsible for the injury for which such payment is made. In addition, if a Member is injured and a third party is responsible, the Plan will pay benefits only on the condition that it will be paid from any damages or monies collected or funds reimbursed to the extent of such benefits provided. This payment to the Plan must be immediately upon collection of said damages, monies or funds with respect to the Member, whether by action at law, settlement or otherwise.
The Member will execute and deliver any papers or instruments to help the Plan recover any payments. The Member shall do nothing after the loss to prejudice such rights nor do anything to hinder recovery.